**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**TIMOTHY WILLIAMS,**

                        **Plaintiff,**              **No. 9:06-cv-936**
                                               **(GLS/DEP)**

        **v.**

**KENNETH PERLMAN, Superintendent;**
**McDANIELS, Assistant Deputy**
**Superintendent; Mr. J. MORGAN;**
**DONNA B. SERGIO; JOHNSON;**
**JOSLYN, TINA PROCOPIO;**
**TAMMY BRODT; and CO ZAGBY,**

                            **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Timothy Williams
_Pro Se_
326 E. 34th Street
Apt. 2C
New York,  NY  10016

**FOR THE DEFENDANTS:**

HON. ANDREW CUOMO          SENTA B. SIUDA
New York Attorney General      Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse,  NY 13204-2455

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

The above-captioned matter comes to this court following a Report-Recommendation and Order ("R&R") by Magistrate Judge David E. Peebles filed February 5, 2009. (Dkt. No. 64.) The R&R[1] recommended that defendants' motion to dismiss be granted in part and denied in part. Pending are defendant Brodt's objections to the R&R. (Dkt. No. 65.) For the reasons that follow the R&R is adopted as to all the defendants except Brodt. This court adopts Judge Peebles recommendation that Brodt remain as a defendant, however, alternatively, this court will permit a motion for summary judgment to be filed within thirty days from the filing of this order to resolve the issues of fact surrounding retaliatory conduct by Brodt.

### II. Background

Timothy Williams, a former New York State prison inmate commenced this civil action pursuant to 42 U.S.C. § 1983, alleging that the

_____

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

2

defendants violated his constitutional rights when they: (1) failed to provide proper footwear and orthopedic inserts, (2) forced him to perform manual labor despite his physical impairment; (3) retaliated against him by issuing a misbehavior report when he grieved their actions; and (4) failed to provide adequate medical care.  (*See generally* Compl.; Dkt. No. 1.)  On March 14, 2008, following the close of discovery, defendants sought the entry of judgment on the pleadings dismissing the complaint in its entirety. Williams did not oppose the motion.

On February 5, 2009, Judge Peebles recommended dismissal of Williams' complaint for failing to set forth a cognizable civil rights claim, except as to his retaliation cause of action against defendant Brodt.  The court now turns to Brodt's objections.

### III.  <u>Standard of Review</u>

Before entering final judgment, this court routinely reviews all report-recommendations in cases it has referred to a Magistrate Judge.  If a party has objected to specific elements of the Magistrate Judge's findings and recommendations, this court reviews those findings and recommendations *de novo*.  *See Almonte v. New York State Div. of Parole,* No. 04-cv-484, 2006 WL 149049, at *6-7 (N.D.N.Y. Jan. 18, 2006).  In those cases where

no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of a Magistrate Judge for clear error.  *See id.*

## IV. <u>Discussion</u>

Brodt filed a specific objection to remaining in the case for retaliation. Williams did not object to any portion of the R&R.  Thus, with the exception of the retaliation claim against Brodt which this court will review *de novo*, the remaining claims will be reviewed for clear error.  Brodt contends that the retaliation claim against her is unclear.  The relevant paragraphs from the complaint are as follows:

> 41. On or about April 15, 2006, plaintiff presented at MCF sick call and complained about his foot and arches.  Defendant Bodt without consulting a doctor, podiatrist or taking of any x-rays, defendant Bodt told plaintiff that she was going to put a false report in plaintiff's chart so that he would "stop bothering me."
> 42.  Just thirty (30) minutes after the above-incident, plaintiff falls again at a building front (27 Bldg.) where he must take medication.  The construction in the direct front of the non-disability access stairs made it impossible to climb with the plaintiff's foot and ankle injury.  Defendant Bodt clearly demonstrated reckless and deliberate indifference to the health and safety of plaintiff.
> 43.  CO Zagby by forcing plaintiff to work manual labor on a verified and recorded disability

4

demonstrated clear, reckless & deliberate
indifference to the helth(sic) and safety of the
plaintiff.

44.  Plaintiff wrote a grievance about the
above that was appealed all the way to C.O.R.C.

45.  In retaliation to plaintiff's grievance about
the actions of defendant Brodt, defendant Brodt
wrote a misbehavior regarding the plaintiff.  This
report charged the plaintiff with (1) Disturbance with
loud talking (2) Talking in hallways (loud) (3)
Threats (4) Misleading information and (5) Failure to
report an injury promptly (see Copy of Misbehavior
Report, attached herein as Exhibit #13).

(Compl. ¶41-45;Dkt. No. 1.)

Brodt argues that the time frame for the retaliation claim is vague.

The misbehavior report was written on April 13, while the complaint

indicates that Brodt threatened to write Williams up on April 15.  Since the

misbehavior report was filed before Williams filed a grievance against her,

Brodt argues that the retaliation claim is not viable.  Lastly, Brodt argues

that she is entitled to qualified immunity.

Brodt's objections can not be sustained.  The complaint is ambiguous

in regards to when the grievance was filed.  However, since the motion was

filed pursuant to Rule 12(c), the court is constrained to resolve any

ambiguities, as a matter of law, in favor of the non-moving party.

Simply put, issues of fact remain as to when the misbehavior report

5

was filed and when a grievance against defendant Brodt was filed.  As such, Brodt will remain as a defendant, however, alternatively, this court will permit a motion for summary judgement to be filed within thirty days from the filing of this order to resolve the issues of fact surrounding Williams' retaliatory claim.

Finally, the court has reviewed the remaining claims.  Upon review for clear error, the court finds that the R&R correctly concluded that Williams' remaining claims must be dismissed.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Peebles' February 5, 2009 Report-Recommendation and Order, except as to Brodt, is adopted and the defendants are dismissed; and it is further

**ORDERED** that Brodt will remain as a defendant, however, alternatively, this court will permit a motion for summary judgement to be filed within thirty days from the filing of this order to resolve the issues of fact surrounding retaliatory conduct by Brodt; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED**.

6

Albany, New York
June 10, 2009

United States District Court Judge